UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DESHON CLARK, et al.

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC, et al.,

    Defendants.

Case No. 1:22-cv-88

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This case was recently referred to the undersigned to resolve a motion by Plaintiffs' counsel to withdraw. For the reasons that follow, I now recommend that this case be DISMISSED for failure to prosecute.

### I. Background

Through counsel, Plaintiffs DeShon and Rolanda Clark initiated this lawsuit on February 18, 2022, alleging that the Defendant Specialized Loan Servicing ("SLS") violated the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act concerning communications about Plaintiffs' second mortgage. (*See* Doc. 1, amended complaint). In a separate claim against Defendant U.S. Bank, N.A., Plaintiffs sought to quiet title through the release of the second mortgage. (*Id*.) In response to the complaint, Defendants jointly moved to dismiss for failure to state a claim. When Plaintiffs filed an amended complaint raising the same claim, (Doc. 8), Defendants again moved to dismiss. (Doc. 11). Both motions to dismiss remain pending.

More than a year ago on September 22, 2023, Plaintiffs' counsel moved to withdraw from all further representation. (Doc. 21). The motion to withdraw was referred

1

to the undersigned in July 2024, (Doc. 24),[1] and set for a hearing for August 9, 2024. (Doc. 25). When neither Plaintiffs nor their counsel appeared, the Court continued the hearing, directing Plaintiffs' counsel to inform his clients of the continued hearing date and to "show cause by **8/23/2024 at 11:00 AM** why this case should not be dismissed for failure to prosecute." (8/9/24 Minutes and Order, emphasis original; *see also* Doc. 26).

After the Court entered the August 9 Order, Plaintiffs filed a Notice of substitution of individual counsel within the same firm that sought to withdraw from representation, apparently so that the newly substituted counsel could appear at the continued hearing date set for August 23. (Doc. 27; *see also* Doc. 21). But neither new counsel[2] nor Plaintiffs[3] appeared at the scheduled time and date.

At the conclusion of the August 23 hearing, the Court granted the motion of Plaintiffs' counsel to withdraw but directed Plaintiffs either to obtain new counsel or to notify the Court in writing not later than September 26, 2024 of their intention to continue to prosecute this case pro se. The August 23 Order is similar to the August 9 Order that directed Plaintiffs' counsel to show cause why this case should not be dismissed for failure to prosecute. But because it is directed to newly-unrepresented Plaintiffs, the August 23 Order more clearly explains: "**Failure to comply with this Order will result in a Report and Recommendation to the assigned district judge that this matter be dismissed for failure to prosecute**." (Doc. 28, PageID 363, emphasis added).

Following Plaintiffs' failure to comply with this Court's September 26 deadline,

---

[1] Only the motion to withdraw was referred; the two motions to dismiss for failure to state a claim were not referred. This Report and Recommendation ("R&R") therefore is limited in scope to the referred motion to withdraw.
[2] A copy of the Court's Order was transmitted to Plaintiffs at their last known address by first class mail.
[3] As noted in the Court's order granting the motion to withdraw, new counsel did call into chambers after the conference had concluded, explaining that he had mis-calendared the time of the August 23 hearing.

2

Defendants filed a new motion to dismiss for lack of prosecution. (Doc. 29). Plaintiffs also have failed to respond to that motion, which Defendants served on them at their last known address.

**II.     Analysis**

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

In the case presented, Plaintiffs have failed to comply with multiple orders of this Court. First, Plaintiffs and their counsel failed to timely appear as directed at the August 9 and August 23, 2024 hearings on counsel's motion to withdraw. Even if withdrawing counsel's failure to appear might be deemed to be excusable neglect, Plaintiffs themselves have not appeared or made any contact with their withdrawing counsel or with this Court that would suggest any intention to continue to prosecute this case since counsel filed the motion to withdraw in September 2023. In the Order following Plaintiffs' failure to appear at the August 9, 2024 hearing, this Court provided notice, through the "show cause" order directed to counsel, of the possibility of dismissal of this case for failure to prosecute. After formally granting counsel's motion to withdraw on August 23, the undersigned permitted Plaintiffs another month to either retain new counsel or to notify the Court of their intention to continue prosecuting their claims pro se. At the same time, the Court warned Plaintiffs in no uncertain terms that a failure to comply with its August

23 Order would result in a Report and Recommendation that this matter be dismissed for failure to prosecute. (Doc. 28). Still, Plaintiffs failed to comply.

In their recently filed motion to dismiss for lack of prosecution, (Doc. 29), Defendants set forth the same facts, and argue that they have been prejudiced by Plaintiffs' conduct. Although Defendants' latest motion to dismiss has not been referred to the undersigned, their unopposed arguments parallel the Court's own reasons for recommending the *sua sponte* dismissal of this case.

### III.     Conclusion and Recommendation

Based on Plaintiffs' prior failure to appear at two scheduled hearings on their counsel's motion to withdraw and Plaintiffs' most recent failure to comply with this Court's August 23 Order, **IT IS RECOMMENDED THAT** this case be **DISMISSED SUA SPONTE WITH PREJUDICE** for failure to prosecute.[4]

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] To the extent that the Defendants' October 11, 2024 motion to dismiss for failure to prosecute closely relates to the same issues, and if that motion is referred in the future, the undersigned would recommend that the motion be granted for the reasons stated therein.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DESHON CLARK, et al.

    Plaintiff,

    v.

SPECIALIZED LOAN SERVICING, LLC, et al.,

    Defendants.

Case No. 1:22-cv-88-JPH

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).